UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAESHAWN B.,

                              **Plaintiff,**

  vs.                                                     5:24-CV-1034
                                                                    (MAD/TWD)

FRANK BISIGNANO, *Commissioner*
*of Social Security*,

                              **Defendant.**
_____

APPEARANCES:                                OF COUNSEL:

**HILLER COMERFORD INJURY**         JUSTIN M. GOLDSTEIN, ESQ.
**& DISABILITY LAW**                     IDA COMERFORD, ESQ.
6000 North Bailey Avenue - Suite 1a
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    JASON P. PECK, ESQ.
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      Plaintiff, Daeshawn B., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security Disability Insurance Benefits. *See* Dkt. No. 1.

      In a Report-Recommendation and Order dated June 30, 2025, Magistrate Judge Thérèse Wiley Dankes recommended that this Court (1) affirm the decision of the Commissioner, (2) deny Plaintiff's motion for judgment on the pleadings, and (3) grant Defendant's motion for judgment on the pleadings. *See* Dkt. No. 19.

1

When no objections are made to a magistrate judge's recommendation, the Court reviews a report-recommendation for only clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quotation and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, the Report-Recommendation and Order will be reviewed for clear error as neither party has filed objections.

The Court finds no clear error in the Report-Recommendation and Order. Magistrate Judge Dancks correctly determined that the ALJ's decision was supported by substantial evidence and that Plaintiff's appeal should be dismissed. *See* Dkt. No. 19 at 19. As Magistrate Judge Dancks concluded, remand is not warranted because the ALJ appropriately reviewed the persuasiveness of the three medical opinions from consultative examiner Corey Anne Grassl, Psy.D., as governed by 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). *See id.* at 11, 15. The ALJ adopted the limitations in one of the opinions as consistent with the opinions from non-examining state agency psychologists and the rest of the record, but rejected the greater limitations proposed in Dr. Grassl's two other opinions. *See* Dkt. Nos. 9-10, Administrative Transcript at 724-26.

"[A]n ALJ is entitled to rely upon the opinions of both examining and non-examining [s]tate agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." *Frank B. v. Saul*, No. 1:19-CV-668, 2020 WL 4596867, *5 (N.D.N.Y. Aug. 11, 2020) (quoting *Baszto v. Astrue*, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010)). "'As such, their opinions may constitute substantial evidence if they are consistent with the record

2

as a whole.'"  *Little v. Colvin*, No. 5:14-CV-63, 2015 WL 1399586, *9 (N.D.N.Y. Mar. 26, 2015) (quoting *Cobb v. Comm'r of Soc. Sec.*, No. 5:13-CV-591, 2014 WL 4437566, *6 (N.D.N.Y. Sept. 9, 2014)) (additional quotation omitted); *see also Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983).  "The ALJ must expressly 'explain how [he or she] considered the supportability and consistency factors' for all of the medical opinions in the record." *Elizabeth G. v. Comm'r of Soc. Sec.*, No. 8:21-CV-411, 2022 WL 1689551, *7 (N.D.N.Y. May 26, 2022) (citations omitted).

    Here, as Magistrate Judge Dancks concluded, the ALJ discussed the supportability and consistency factors concerning Dr. Grassl's opinions to a sufficient degree such that the Court can "glean the ALJ's rationale."  *Id.* (citations omitted); *see also Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (citation omitted) ("The 'substantial evidence' standard is 'a very deferential standard of review—even more so than the "clearly erroneous" standard.' . . . '[I]t is not [the Court's] function to determine *de novo* whether a plaintiff is disabled'").  Magistrate Judge Dancks also correctly noted that "the ALJ adequately explained his reasons for discounting Dr. Grassl's marked findings and substantial evidence in the record supports the ALJ's findings."  Dkt. No. 19 at 20.  Therefore, Magistrate Judge Dancks properly found there was "no error in the ALJ's application of 20 C.F.R. § 416.920c to Dr. Grassl's . . . opinions[.]"  *Id.*; *see also Earl H. L. v. O'Malley*, No. 5:23-CV-00643, 2024 WL 4442724, *10 (N.D.N.Y. July 26, 2024) ("The ALJ's assessment of the persuasiveness of the medical opinions is, at face value, valid, and 'it is not the function of the reviewing court to reweigh the evidence'") (quoting *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993)) (additional citation omitted).

    Likewise, Magistrate Judge Dancks appropriately determined that the ALJ did not selectively choose to rely on only certain evidence.  *See* Dkt. No. 19 at 20.  "An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to

3

glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (citation omitted); *see also Elizabeth G.*, 2022 WL 1689551, at *7 (citations omitted); *Walker v. Colvin*, No. 3:15-CV-465, 2016 WL 4768806, *10 (N.D.N.Y. Sept. 13, 2016) (quotation omitted) ("[A]n ALJ may properly 'credit those portions of a consultative examiner's opinion which the ALJ finds supported by substantial evidence of record and reject portions which are not so supported'"). Magistrate Judge Dancks concluded that the ALJ's decision sufficiently explained which aspects of Dr. Grassl's opinions he found persuasive and why. *See* Dkt. No. 19 at 15. Because "it is the ALJ's job to resolve "conflicts in the record," *Elizabeth G.*, 2022 WL 1689551, at *7 (citations omitted), "and this Court must defer to that resolution," Dkt. No. 19 at 16 (citation omitted), the Court adopts this aspect of Magistrate Judge Dancks' recommendation.

      Accordingly, the Court hereby

      **ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 19) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

      **ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

      **ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

      **ORDERS** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and the Court further

      **ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

     **ORDERS** that the Clerk of the Court shall serve a copy of the Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 4, 2025
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge